UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMY BICKEL,

        Plaintiff,

  v.                                      Case No. 23-cv-591-pp

KILOLO KIJAKAZI,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. In her request, the plaintiff indicates that she is not employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's only stated source of income is $80 per month from her parents, and her only expenses are approximately $100 per month in other household expenses. Id.

1

at 2-3. The plaintiff does not own her home or a car or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with my parents who provide housing and take care of my monthly expenses. They provide me with a little money for necessities like toiletries and clothes, otherwise I have no sources of income and am unable to work." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied supplemental income and disability insurance benefits by the Commissioner. Dkt. No. 1 at 1-2. The plaintiff alleges that the decision finding the plaintiff not disabled is "not in accordance with the purpose and intent of the Social Security Act, nor is it in accordance with the evidence," because the Administrative Law Judge's decision is not supported by substantial evidence and is contrary to law. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's

2

complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 11th day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
